UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT HOLMES III,<br><br>        Plaintiff,<br>v.<br><br>BRIAN WILLIAMS,<br><br>        Defendant. | Case No. 2:15-cv-02176-APG-CWH<br><br>**ORDER** |

Before the court is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, submitted by Robert Holmes, III (Dkt. #1-1). His application to proceed *in forma pauperis* shall be granted (Dkt. #1).

It appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

According to the habeas petition and the Nevada Supreme Court orders that petitioner Holmes attaches, his judgment of conviction was entered on January 5, 2009. The Nevada Supreme Court apparently affirmed the conviction on May 7, 2010. An amended judgment of conviction was filed on September 17, 2013, which provided

1

Holmes with additional presentence credits only.  Holmes appealed the amended judgment of conviction.  In affirming the district court, the Nevada Supreme Court concluded that Holmes was not entitled to any additional credits and noted that because the amended judgment of conviction dealt solely with additional presentence credits, it did not provide Holmes with an opportunity to litigate a direct appeal anew.  Holmes then filed a state postconviction petition on September 4, 2014, and the Nevada Supreme Court affirmed the denial of the petition as untimely and procedurally barred on September 11, 2015.  The instant federal habeas petition, which Holmes did not sign or date, was submitted to the Clerk of Court for filing on November 16, 2015.  Thus, the federal petition was filed well beyond the one-year time limitation contained in the statute, which expired some four years prior to Holmes filing his state postconviction petition.

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his right and some extraordinary circumstance stood in his way.  *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds, *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (Dkt. #1) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period.  He shall also set forth a complete and accurate history, with dates, of any state postconviction proceedings

presented to the state district court and the Nevada Supreme Court, including direct appeal and state habeas petitions.

**IT IS FURTHER ORDERED** that if petitioner fails to demonstrate that the petition was timely filed or that he is entitled to equitable tolling of the time period the court shall enter an order dismissing the petition.

Dated:  January 12, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE